-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTIAN RIVERA,

        Plaintiff,

-v-

CO FULTON, CO REESE, CO MASS,
CO FROMAN, CO HIPCUSS, CO GARBAGE,
CO POLKA, CO HURK, and
many others I don't know names,

        Defendants.

**DECISION and ORDER**
06-CV-488F

---

## INTRODUCTION

Plaintiff, Christian Rivera, who is presently an inmate at the Lakeview Correctional Facility and has been incarcerated at other correctional institutions in New York, including Orleans and Five Points, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 4). Plaintiff claims that since the beginning of his incarceration in 2001, the named defendants, Fulton, Reese, Mass, Froman, Hipcuss, Garbage, Polka and Hurk, presumably all correctional officers at the Orleans Correctional Facility, and others he cannot name or identify, have harassed him because he was convicted of killing his two month old son. He also claims, without naming or specifically identifying anyone responsible, that he has received poor medical care and that there is a cigarette "problem" within the New York State Department of Correctional Services.

A review of the claims against the defendants named in the complaint clearly shows, however, that none of the specific claims of harassment, abuse, and inadequate medical

care rise to the level of a constitutional violation. Rather, those claims, even those that identify the defendant involved, amount to little more than allegations of verbal harassment and *de minimus* pushes and shoves that simply do not state cognizable claims under § 1983. See *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973), *cert denied, sub nom., Employee-Officer John, #1765 Badge Number v. Johnson,* 414 U.S. 1033, 94 S. Ct. 462, 38 L. Ed. 2d 324 (1973), *overruled on other grounds by Graham v. Connor,* 490 U.S. 386, 397, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989).

For the reasons discussed below, plaintiff's request to proceed as a poor person is granted. However, unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of Title 28 of the United States Code require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *see also Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable

2

to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Based on its evaluation of the complaint, the Court finds that all of plaintiff's claims alleged therein must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), unless plaintiff files an amended complaint as directed below, because they fail to state a claim upon which relief may be granted.

As noted, the complaint contains a litany of complaints against a number of correctional officers at the Orleans Correctional Facility. In asserting many of his claims, plaintiff fails to identify the specific correctional officer involved. Plaintiff alleges that since the beginning of his incarceration, he has been subjected to harassment, including verbal comments, threats, pushes, slaps or shoves, and poor medical care. However, even when plaintiff identifies a specific individual as the one who allegedly harassed him, the specific action alleged does not rise to a constitutional violation. For example, plaintiff alleges that: (1) defendant Mass pushed him in a corner and slapped him in the face with a grievance form (Complaint, ¶ 11); (2) Correctional Officer Debiel, who is not named as a defendant, yelled at him, made him pull his pants out of his socks, and accused him of altering his pants when, in fact, another correctional officer had ripped them (*id.*, ¶ 13); (3) defendant Fulton pulled on his ears and hair, and said to him "dumbo fly away," (*id.*, ¶¶ 8-10); and (4) defendant Garbage stole his shaving razor, pulled his mattress out from under him while he was sleeping and, following a fight with another inmate, escorted plaintiff to the medical office and slapped him in the back of the head (*id.*, ¶ 18-19).

Plaintiff also alleges, in conclusory fashion, that the medical treatment he has received during his incarceration is "bad," (*id.*, ¶ 24), that when he goes to sick call only one or two nurses will help him, and the others tell him he should not have killed his child (*id.*), that the nurses are "mean" to him, and that the doctors are hardly ever there. (*Id.*, ¶ 38). He also claims that the dentist, who is not named or identified, has poor hygiene and used dirty tools to remove his teeth. Lastly, he claims that the food is bad, that the inmate-run programs offered within the New York State Department of Correctional Services are a joke, because the inmates simply go there to smoke, and that cigarettes and cigars are used as a means to buy drugs within the correctional facilities.

The Court is fully cognizant of the requirements that it must liberally construe plaintiff's *pro se* complaint and read it in a light most favorable to plaintiff, *e.g.*, *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), that the Second Circuit disfavors *sua sponte* dismissals before a plaintiff is provided an opportunity to amend the complaint or before the complaint is served, *e.g.*, *McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004), and has opined that *sua sponte* dismissals "are draconian." *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*). Accordingly, the Court concludes that, as questionable as the claims alleged in the complaint are, it must allow plaintiff an opportunity to amend the complaint in an attempt to allege constitutionally viable claims. Plaintiff's complaint will be dismissed unless he files an amended complaint no later than **March 13, 2007**, which sufficiently alleges claims under 42 U.S.C. § 1983.

### A. Harassment and Abuse Claims

The complaint, read in the most liberal way, simply does not state a claim for relief and is simply a collection of complaints by an inmate who appears to be struggling with the

4

very difficult and unfriendly prison environment The Court by no means intends to diminish or make light of the harsh realities of daily prison life. At the same time, a claim brought under "42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse." *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (citing *Alnutt v. Cleary*, 913 F. Supp. 160, 165-66 (W.D.N.Y. 1996)); see also *Aziz Zarif Shabazz v. Picco*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (holding that ordinarily, a claim for verbal harassment is not actionable under 42 U.S.C. § 1983). Moreover, "verbal harassment or profanity alone, unaccompanied by an injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Aziz Zarif Shabazz*, 994 F. Supp. at 474.

With respect to the allegations of slaps, ear pulls, and the like alleged in the complaint, they are *de minimus* and do not form the basis of a claim under the Eighth Amendment's cruel and unusual punishment clause. To satisfy the Eighth Amendment's requirements, the alleged violation must be "sufficiently serious" by objective standards. See *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). The objective component is "context specific, turning upon 'contemporary standards of decency.'" *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir.1999) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). To meet the subjective prong, the inmate must establish that the defendant involved "had a 'wanton' state of mind when [he was] engaging in the alleged misconduct." *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994).

While plaintiff alleges that the defendants and other prison officials at Orleans and other state correctional facilities have engaged in a pattern of harassment and verbal abuse, with some incidents of minor physical contact, none of the allegations of physical contact are sufficiently serious to meet the Eighth Amendment's objective component. The Second Circuit has recognized that "[a] *de minimis* use of force will rarely suffice to state a constitutional claim." *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* (internal citations omitted). As summarized above, plaintiff's alleges nothing more than verbal harassment, pushes and shoves that do not rise to the level of a constitutional violation.

Plaintiff's amended complaint must allege in factual, non-conclusory terms, the following: **(1) the alleged act or acts of misconduct; (2) the place where the misconduct occurred and the date on which such misconduct occurred; (3) the name of each individual defendant who participated in such misconduct; (4) the connection or nexus between the alleged misconduct and plaintiff's constitutional rights; and (5) how plaintiff was harmed by the alleged misconduct.** Each act of misconduct must be set forth in a separately numbered paragraph and must be alleged against a specifically identified defendant. Plaintiff's failure to allege facts, which, if proven, would establish that the defendants' conduct was sufficiently serious and that the defendants involved had a wanton state of mind when they engaged in the misconduct, will lead to the dismissal of this matter with prejudice.

## B. MEDICAL CLAIMS

Plaintiff's allegations of "bad" medical care, are equally deficient and must also be dismissed for failure to state a claim under the Eighth Amendment. A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976); see also *Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040, 113 S. Ct. 828, 121 L. Ed. 2d 698 (1992). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance*, 143 F.3d at 702).

As noted, plaintiff's complaint merely sets forth conclusory allegations about unidentified medical personnel with the Department of Correctional Services and how some of those staff members mistreated him based on the crime of which he was convicted. Plaintiff's claims are wholly conclusory and do not sufficiently allege that the unidentified medical staff members were deliberately indifferent to a serious medical need. While the complaint does describe at times plaintiff's medical "ailments" -- e.g., swollen hand, chest pain, tooth pain -- it does not identify what medical personnel were involved in the inadequate medical care nor allege how the medical care or lack thereof resulted "in further significant injury or the unnecessary and wanton infliction of pain." *Harrison*, 219 F.3d at 136-137. These complaints, like his complaints about harassment and abuse, are simply insufficient to state a constitutional violation and must be dismissed unless plaintiff files an amended complaint.

7

Plaintiff's amended complaint must set forth in factual terms only: **(1) the nature of the specific medical condition that was not treated or was inadequately treated; (2) the name of the specific correctional facility at which the medical conditions was not treated or was inadequately treated; (3) the name of each individual or individuals who participated in the failure to treat the medical condition or who inadequately treated the medical condition; (4) the manner in which the medical condition was not treated or was inadequately treated; (5) the date or dates that the specific medical condition was not treated or was inadequately treated; and (6) the harm plaintiff suffered as a result of the failure to treat or to adequately treat the medical condition alleged.** Again, each medical condition and alleged failure to treat the condition must be set forth in separately numbered paragraphs. Plaintiff's failure to allege facts which, if proven, would establish that the defendants were deliberately indifferent to a serious medical condition, will lead to the dismissal of this matter with prejudice.

If plaintiff cannot identify by name each individual involved in the specific acts of misconduct or inadequate medical care, he must at least set forth sufficient identifying information -- e.g., physical description, title or position, shift, date plaintiff encountered the person, or any other information plaintiff knows about the person -- which would enable the Court or other defendants to identify the individual involved.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), unless he files an amended complaint by **March 13, 2007**, in which he includes the necessary

allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed. 2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **March 13, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **March 13, 2007**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **March 13, 2007**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **March 13, 2007**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: __2/12__, 2007
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge