UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

---

CHRISTIAN RIVERA, 01A3113,

    Plaintiff,

  -v-

CO FULTON, CO REESE, CO MASS, CO FROMAN,
CO HIPCUSS, CO GARBAGE, CO POLKA,
CO HURK, CO DEBIEL, CO SWEENEY,
JOHN DOES #1-9 and JANE DOE #1,

    Defendants.

DECISION AND ORDER
06-CV-0488F

---

Plaintiff, *pro se*, was granted an opportunity to amend the complaint he filed pursuant to 42 U.S.C. § 1983. Plaintiff has amended his complaint to add descriptions of defendants where he cannot identify them by name and add additional incidents and details. The basis of plaintiff's claims is that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when defendants subjected him to harassment, threats, assaults, failure to protect and denials of medical care explicitly and implicitly because of the charge of which he has been convicted. This amounts to extrajudicially adding to the conditions of his sentence and, if proven, could violate the Eighth Amendment. The Court cannot at this stage say that plaintiff could prove no facts in support of his claim of constitutional violations. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990).

Plaintiff has made clear that certain incidents occurred before July of 2003. Because the statute of limitation in this jurisdiction is three years, allegations of incidents that occured at Marcy

Correctional Facility before 2003 are susceptible to a statute of limitations defense. *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990)(The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New York State is the three-year period provided for in New York's CPLR § 214(2)). "The pleading requirements in the Federal Rules of Civil Procedure, however, do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." *Abbas v. Dixon*, 480 F.3d 636, __ (2d Cir. 2007) (citing *Jones v. Bock*, --- U.S. ----, 127 S.Ct. 910, 920 (2007) (holding that 28 U.S.C. § 1915A does not require prisoners affirmatively to plead that they have exhausted their administrative remedies)). Because plaintiff has on a number of occasions failed to indicate a specific date on which an incident took place, such that a John or Jane Doe defendant cannot be identified prior to discovery, the complaint will be served on the identified defendants. It will be plaintiff's obligation to identify non-named defendants and seek service on them prior to the statute of limitations expiring on those incidents. Accordingly, plaintiff's complaint may go forward at this stage.

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

DATED: May 1, 2007
Rochester, New York